UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEROME N. COLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-84-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Jerome N. Cole to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(b)(1) and 924(a)(2). He was sentenced on February 19, 2013, to sixty-three months' imprisonment and three years of supervised release. Movant did not appeal. In the instant action, movant seeks relief from his conviction and sentence on the grounds that he was convicted based on fabricated evidence, his guilty plea was coerced, his sister was coerced into being a witness against him, and he received ineffective assistance of counsel.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became

final on March 5, 2013, fourteen days after his February 19, 2013 sentencing; however, he did not file the instant motion to vacate until June 8, 2014. Thus, it appears that the motion to vacate is untimely. *See* Fed.R.App.P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1,4); *Anjulo-Lopez v. U.S.*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (citing *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed criminal judgment becomes final for purposes of calculating one-year limitations period specified in § 2255 when the period for filing a notice of appeal expires)).

Before taking any further action, the Court will order movant to show cause as to why this action should not be dismissed as time-barred.

Respondent will not be ordered to respond to the motion to vacate at this time. Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within thirty (30) days of the date of this Order why his 28 U.S.C. § 2255 motion to vacate should not be dismissed as time-barred. If movant fails to comply, the Court will dismiss this action as untimely.

Dated this 24th day of June, 2014.

_____
**UNITED STATES DISTRICT JUDGE**