UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEROME N. COLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:14CV84 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of movant's response to the order to show cause.[1] Also before the Court is respondent's motion to dismiss movant's motion to vacate, and movant's response to the motion to dismiss. Having carefully reviewed all relevant arguments in this matter, the Court concludes that movant's arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

**Background**

Movant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(b)(1) and 924(a)(2). He was sentenced on February 19, 2013, to sixty-three months' imprisonment and three years of supervised release. Movant did not appeal. In the instant action, movant seeks relief from his conviction and sentence on the grounds that he was convicted based on fabricated evidence, his guilty plea was coerced, his sister was coerced into being a witness against him, and he received ineffective assistance of counsel.

---

[1]On June 24, 2014, the Court ordered movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred. Respondent filed a motion to dismiss asserting that movant's motion to vacate was time-barred, on June 19, 2014.

Movant signed and placed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the prison mail system on June 8, 2014.[2] In the Court's June 24, 2014 Memorandum and Order, the Court noted that movant's conviction became final on March 5, 2013, fourteen (14) days after his February 19, 2013 sentencing. *See* Fed.R.App.P. 4(b)(1)(A); 28 U.S.C. § 2255(f)(1,4); *Anjulo-Lopez v. U.S.*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (citing *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed criminal judgment becomes final for purposes of calculating one-year limitations period specified in § 2255 when the period for filing a notice of appeal expires)). Thus, movant's statute of limitations expired on or about March 5, 2014, so taking movant's assertions regarding the mailing date as true, he was over three months late in filing his motion to vacate in this Court. Thus, the Court ordered movant to show cause why his motion to vacate should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

## Discussion

Movant asserts that he should be entitled to assert the defense of equitable tolling in this action for two reasons. Movant first claims that he was in the Special Housing Unit ("SHU") with limited access to the law library at the FCI in Pollock, Louisiana. Movant additionally claims that he believed his lawyer had filed an appeal on his behalf, thus extending the time for filing his motion to vacate.

The one year enumerated in § 2255(f) may be equitably tolled when a movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[2] The motion to vacate was not actually received and docketed by this Court until June 11, 2014. However, pursuant to Rule 3 of the Rules Governing Section 2255 Proceedings, a "paper filed by an inmate confined in an institution" is considered "filed" on the date the inmate "declares" it was placed in the prison mail system.

stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir.2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's control); *see also Preston v. Iowa*, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); *Kreutzer*, 231 F.3d at 463 (holding that counsel's confusion about applicable statute of limitations does not warrant equitable tolling).

In this case, movant has not shown that any extraordinary and wholly external circumstances prevented him from seeking federal habeas corpus relief in a timely manner.

Movant first argues that on January 10, 2014, he was placed in the Special Housing Unit ("SHU") and had limited access to his legal papers and limited time in the law library. Movant has failed to allege that he was *completely impeded* from filing lawsuits on his own behalf during the time period he was held in the SHU, and he has failed to address the time period *before his incarceration in the SHU* and why he failed to file his motion to vacate during that ten-month period. *See, e.g., Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013) (Defendant's detention in SHU for five months was not an extraordinary circumstance that would warrant equitable tolling of one-year statute of limitations, although defendant did not have access to prison law library or

his personal legal materials during the five months in SHU, he was able to send letters, and he was not prohibited from contacting court or denied any mail sent from court.).

Movant's vague assertions about his counsel's "ineffective assistance" are clearly not sufficient to allow equitable tolling. *Id*. at 815-816 (defendant's allegations that his attorney did not respond to phone calls and letters regarding his motion to attack his federal sentence did not establish the extraordinary circumstances that would warrant equitable tolling). Our Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Thus, the Court can find no proper grounds for equitable tolling in this case.

The Court finds the rejection of equitable tolling especially relevant in this case given the factual record showing that movant engaged in a waiver of his right to appeal his conviction. *See Guilty Plea Agreement*, entered on November 5, 2012. [Criminal Doc. #4] Additionally, movant specifically certified in this Court that he knew of his appeal rights and did not wish to file a notice of appeal. *See Notice of Certification of Compliance with Local Rule 12.07*, filed by movant on February 19, 2013. [Criminal Doc. #19]

Having carefully reviewed the record in this case, the Court concludes that movant's arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

4

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to dismiss [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that movant's motion to vacate, set aside or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED AS TIME-BARRED**. Rule 4 of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability. 28 U.S.C. § 2253.

Dated this 6th day of October, 2014.

                                              STEPHEN N. LIMBAUGH, JR.
                                              UNITED STATES DISTRICT JUDGE